UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-10086-CV-KING
MAGISTRATE JUDGE REID

HENRY JOSEPH BEAUDION III,

    Plaintiff,

v.

MONROE COUNTY DETENTION CENTER,

    Defendant.
_____/

## REPORT OF MAGISTRATE JUDGE

### I. Introduction

Plaintiff, **Henry Beaudion**, an inmate at the Monroe County Jail, has filed this *pro se* Complaint pursuant to 42 U.S.C. § 1983. [ECF No. 1]. Plaintiff sues the food provider at the Monroe County Jail, alleging that he is not receiving the medical diet prescribed by his doctor. [*Id.* at 2].

This case has been referred to the Undersigned for the issuance of all preliminary orders and any recommendations to the District Judge regarding dispositive motions pursuant to 28 U.S.C. § 636(b)(1)(B). [ECF No. 2].

Plaintiff has filed multiple *pro se* civil actions or appeals in federal court that have been dismissed and count as "strikes" pursuant to 28 U.S.C. § 1915(e)(2)(B). Because Plaintiff is a "three-striker" under 28 U.S.C. § 1915(g), he is required to prepay the entire filing fee before federal courts may consider his lawsuits and appeals. Plaintiff has failed to pay any fee.

The Undersigned has carefully reviewed the filings and is fully informed. Because

Plaintiff is a "three-striker" and has not paid the statutory filing fee, the Undersigned **RECOMMENDS** that Plaintiff's Complaint [ECF No. 1], be **DISMISSED** and the case **CLOSED**.

## II. Discussion

Plaintiff is a "three-strikes" litigant under 28 U.S.C. § 1915(g), which states as follows:

> In no event shall a prisoner bring a civil action … under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

Section 1915(g) "requires frequent filer prisoners to prepay the entire filing fee before federal courts may consider their lawsuits or appeals." *Rivera v. Allin*, 144 F.3d 719, 723 (11th Cir. 1998) *abrogated on other grounds by Jones v. Bock*, 549 U.S. 199, 214-15 (2007) (citation omitted); *see also Howard v. Kraus*, 642 F. App'x 940, 941 (11th Cir. 2016). The proper procedure for a district court faced with a prisoner who seeks *in forma pauperis* status but is barred by the three strikes provision, is to dismiss the complaint without prejudice. *See Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002). A three-striker cannot pay the filing fee after initiating suit as a retroactive cure. *See id.*

A review of Plaintiff's filing history reveals that he has brought at least three civil actions while incarcerated which were dismissed and count as strikes pursuant to 28 U.S.C. § 1915(g). The Undersigned takes judicial notice of the three below "strikes" pursuant to Fed. R. Evid. 201. *See United States v. Rey*, 811 F.2d 1453, 1457 n.5 (11th Cir. 1987); *United States v. Jones*, 29 F.3d 1549, 1553 (11th Cir. 1994) (indicating that documents filed in another court may be judicially noticed).

- *Beaudion v. Monroe Cty. Det. Ctr., et al.*, Case No. 19-10130-CV-JEM, 2019 U.S. Dist. LEXIS 189201, at *5-6, (S.D. Fla. Oct. 30, 2019) (Report and Recommendation), *adopted by District Judge* [ECF No. 12] (S.D. Fla. Nov. 19, 2019) (dismissing Plaintiff's complaint "for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)");

- *Beaudion v. Monroe Cty. Pub. Defs. Office, et al.*, Case No. 19-10153-CV-JEM, 2019 U.S. Dist. LEXIS 169035, at *5 (S.D. Fla. Sept. 27, 2019) (Report and Recommendation), *adopted by District Judge*, 2019 U.S. Dist. LEXIS 189200 (S.D. Fla. Oct. 30, 2019) (dismissing Plaintiff's complaint "as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).");

- *Beaudion v. Monroe Cty. Det. Ctr., et al.*, Case No. 19-10096-CV-KMM, 2019 U.S. Dist. LEXIS 114545, at *4-6 (S.D. Fla. July 9, 2019) (Report and Recommendation), adopted by District Judge, U.S. Dist. LEXIS 127780, at *1-2 (S.D. Fla. July 30, 2019) (dismissing Plaintiff's complaint as duplicative of an earlier pending case); and

- *Beaudion v. Aramark Food Serv.*, Case No. 19-10178-CV-JEM, 2019 U.S. Dist. LEXIS 182670 (S.D. Fla. Oct. 21, 2019) (Report and Recommendation), adopted by District Judge, 2019 U.S. Dist. LEXIS 182664 (S.D. Fla. Oct. 21, 2019) (dismissing Plaintiff's complaint as duplicative of an earlier pending case).

Numerous federal courts have held that duplicative cases were frivolous or malicious pursuant to 28 U.S.C. §§ 1915(e)(2)(B) or 1915A(b)(1). *See Piedra v. Aguirre*, 125 F. App'x 968, 969 (10th Cir. 2005) (citing *McWilliams v. State of Colo.*, 121 F.3d 573, 575 (10th Cir. 1997)); *see also Van Meter v. Morgan*, 518 F.2d 366, 368 (8th Cir. 1975) (citing § 1915(e)(2)(B)'s predecessor, § 1915(d)); *Mesa v. Pa. Higher Educ. Assistance*, Case No. 16-24581-CV-SCOLA, 2016 U.S. Dist. LEXIS 173660, at *2 (S.D. Fla. Dec. 13, 2006) ("Given the pendency of the other suits [plaintiff] filed, against the same Defendants, using the identical pleadings, the Court finds this case is malicious and requires dismissal.") (citing *Bailey v. Johnson*, 846 F.2d 1019, 2021 (5th Cir. 1988); *Smith v. Ferrell*, Case No. 09-00466-CV-CG-B, 2010 U.S. Dist. LEXIS 14738, 2010 WL 653798, at *2-3 (S.D. Ala. Feb. 18, 2010)).

Therefore, because Plaintiff has filed at least three previously dismissed cases which qualify as strikes, Plaintiff may not proceed *in forma pauperis* in this action unless he can

3

demonstrate that he meets the "imminent danger of serious physical injury" exception of section 1915(g). To plead the imminent danger exception, the Eleventh Circuit requires specific allegations of present imminent danger that may result in serious physical harm. *See Brown v. Johnson*, 387 F.3d 1344, 1349-50 (11th Cir. 2004).

Here, Plaintiff does not allege that he is in imminent danger of serious physical injury, nor does he allege any facts supporting such an allegation. Thus, Plaintiff does not meet this exception and remains barred from proceeding *in forma pauperis*.

### III. Recommendations

Accordingly, it is **RECOMMENDED** that Plaintiff's Complaint [ECF No. 1], be **DISMISSED** without prejudice; his motion for leave to proceed *in forma pauperis* [ECF No. 3] be **DENIED**; and this case **CLOSED**.

Objections to this Report and Recommendation may be filed with the District Judge within fourteen days of receipt of a copy of the such. Failure to do so will bar a *de novo* determination by the District Judge of anything in the Report and Recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge. *See* 28 U.S.C. § 636(b)(1)(C); *see also Thomas v. Arn,* 474 U.S. 140, 149 (1985).

Signed this 9th day of October, 2020.

_____
UNITED STATES MAGISTRATE JUDGE

cc: Henry Joseph Beaudion III
     00427761
     Monroe County Jail
     Inmate Mail/Parcels
     5501 College Road
     Key West, FL 33040
     PRO SE